IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:13CR107 AND 8:15CR44 |
| v. | ORDER |
| MICHAEL HUYCK, | |
| Defendant. | |

This matter is before the court on defendant Michael Huyck's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 594 in 8:13CR107 and Filing No. 93 in 8:15CR44. He challenges his conviction, after a jury trial, and sentence for receipt of child pornography and accessing with intent to view child pornography. Filing No. 511, Judgment. He was sentenced to concurrent terms of imprisonment of 36 months and 72 months. *Id.* He appealed and his conviction and sentence were affirmed. Filing No. 588. The present motion is Huyck's first motion under 28 U.S.C. § 2255. The motion is timely.[1]

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (f)(1). With regard to post-conviction relief for federal prisoners, the conclusion of direct review occurs when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). If a federal prisoner chooses not to seek direct review in the Supreme Court, then the conviction becomes final when the time for filing a certiorari petition expires. *Id.* Clay did not file a petition for a writ of certiorari. The time in which he could have petitioned for certiorari expired on February 22, 1999, 90 days after entry of the Court of Appeals' judgment. Supr. Ct. R. 13(1). The Eighth Circuit entered judgment on Huyck's appeal on February 22, 2017. Huyck did not file a petition for a writ of certiorari. The time in which he could have petitioned for certiorari expired on May 23, 2017, 90 days after entry of the Court of Appeals' judgment. *Id.* He filed this motion to vacate on February 12, 2018, well within the year.

In his § 2255 motion, the defendant alleges he was denied effective assistance of counsel because his attorney:  1) failed to investigate exculpatory evidence and witnesses; 2) failed to allow Huyck to participate in his own defense; 3) failed to advise Huyck of, or exercising, his right to a continuance when arraignment on new charges was less than two weeks before trial began; and 4) denied Huyck's right to testify on his own behalf.  He also contends that the accumulation of errors in the case violated his right to due process.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  [28 U.S.C. § 2255](). Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion.  See [28 U.S.C. § 2255](), Rule 4(b).  The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion.  *Id.*

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer.  On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required.

*See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    THEREFORE, IT IS ORDERED:

    1.    On initial review, the court finds that summary dismissal is not appropriate.

    2.    The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

    Dated this 15th day of May, 2018.

                                   BY THE COURT:

                                   s/ Joseph F. Bataillon
                                 Senior United States District Judge