IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL HUYCK,<br><br>　　　　　　　Defendant. | **8:13CR107 AND 8:15CR44**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 594 in 8:13CR107 and Filing No. 93 in 8:15CR44. The court initially reviewed this case and ordered the government to file an answer addressing defendant's ineffective counsel claims. Filing No. 607 in 8:13CR107 and Filing No. 95 in 8:15CR44. The government filed its answer. Filing No. 611 in 8:13CR107 and Filing No. 98 in 8:15CR44.

I.　　Procedural History

Following a trial, the jury convicted defendant for the receipt of child pornography and access with intent to view child pornography[1]. Filing No. 511 in 8:13CR107, Judgment and Filing No. 64 in 8:15CR44, Judgment. The court sentenced the defendant to concurrent terms of imprisonment of 36 months and 72 months on the conviction in 8:13CR107, to run concurrent with the 36-month term sentence in the 8:15CR44

---

[1] Defendant was indicted in a two-count Second Superseding Indictment in case 8:13CR107 for Count I, receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and Count II, access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In a separate Indictment, 8:15CR44, defendant was charged with Count I, receipt and attempted receipt of child pornography in violation of 18 U.S.C. §2252A(a)(2) and (b)(1) and Counts II-III, possessing child pornography that had been mailed, shipped, and transported using any facility of interstate and foreign commerce in violation of 18 U.S.C. § 2252A(a)(5)(B). Case 8:13CR107 related to a website, Pedobook, accessed by the defendant and 8:15CR44 related to materials discovered in his home in Nebraska.

conviction[2]. *Id.* The Eighth Circuit Court of Appeals affirmed his conviction and sentence. Filing No. 589 in 8:13CR107 and Filing No. 91 in 8:15CR44.

II.   Facts

This case arises from the Federal Bureau of Investigation's ("FBI's") sting operation consisting of a website hosted in Nebraska. The websites' users operated anonymously on the Tor network. Throughout the investigation, the FBI utilized a court-authorized Network Investigative Technique (NIT) to identify the anonymous users, such as Huyck, on Tor.

The Indictment in 8:13CR107 identified the defendants as "John Does" using specific Internet Protocol ("IP") address at an exact date and time to access Pedoboard. Huyck plead not guilty to all counts of the Indictment in 8:13CR107.

Huyck filed motions to suppress evidence from the FBI controlled websites and challenged the residential warrant as stale. The district court denied the motions and overruled the objection to the warrant. Huyck also requested in his motions in limine, the exclusion of trial exhibits which consisted of notes, text documents, and Internet bookmarks found on devices seized from his residence. Prior to his filings, the defendant waived his right to a continuance for case 8:15CV44. The two cases against Huyck, 8:13CR107 and 8:15CR44, were consolidated and were ready to proceed to trial on March 2, 2015.

The jury trial commenced on March 2, 2015. Among the government's witnesses was an expert witness who works as a forensic computer analyst. The witness testified to the contents of the digital devices found in Huyck's residence. The defendant's attorney cross examined that witness. The defendant also called his own expert witness to testify

---

[2] A jury convicted the defendant on all counts of the Second Superseding Indictment in case 8:13CR107, and on Count I in case 8:15CR44, receiving child pornography. The jury returned a not guilty verdict on Count I of the offense of attempting to receive child pornography. Huyck was also found guilty on Count II in 8:15CR44. The court rejected the jury's verdict on Count I in 8:15CR44 and dismissed Count III.

about the evidence. The government was given the opportunity to cross examine this witness. Prior to submitting the case to the jury, the district court granted Huyck's motion for a judgment of acquittal on Count III of 8:15CR44. The acquitted charge pertained to a single image of child pornography found on one of the defendant's devices. The jury found Huyck guilty on Counts I and II of the Second Superseding Indictment in 8:13CR107 and Counts I and II of the Indictment in 8:15CR44. The court did not accept the jury's verdict on Count I of the Indictment in 8:15CR44, finding the charge inconsistent with the jury's guilty verdict on Count II.

III. Defendant's §2255 Motion

In his § 2255 motion, the defendant alleges he was denied effective assistance of counsel because his attorney: 1) failed to investigate exculpatory evidence and witnesses; 2) failed to allow Huyck to participate in his own defense and to testify on his own behalf; and 3) failed to advise Huyck of, or exercising, his right to a continuance when arraignment on new charges was less than two weeks before trial began. He also contends that the accumulation of errors in the case violated his right to due process.

IV. Law

Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The defendant must show that there is a reasonable probability that the result of his proceedings would have been different if his lawyer had competently performed. *King v. United States*, 595 F.3d 844, 852 (8th Cir.

3

2010). To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 996 (8th Cir. 2010). Prejudice in a claim of failure to investigate exists when a defendant shows what evidence would have been revealed by diligent investigation and that further evidence would have made a different outcome to the trial a reasonable probability. *Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

The court recognizes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citations omitted). A criminal defendant has the right to testify on his own behalf and this right can only be waived by the defendant himself. *Foster v. Delo*, 11 F.3d 1451 (8th Cir. 1993). In order to prove prejudice to satisfy *Strickland*, the defendant must prove that had he testified, the outcome would have been different. *Hines v. United States*, 282 F.3d 1002, 1005 (8th Cir. 2002).

V. Discussion

The court first finds Huyck is not entitled to relief on the ground of ineffective assistance of counsel for failure to investigate. Defendant has not shown his counsel's failure to investigate satisfies the prejudice prong of the *Strickland* standard. Huyck claims that other experts could have found exculpatory evidence had they look at the wireless router that is likely to have been overridden. He suggests that had defense counsel requested a copy of the drive for forensic analysis, exculpatory evidence that contradicts the prosecution's expert may have become known, despite the defendant's customary practice of wiping computer programs. The defendant does not identify any such experts, but states

4

that his own testimony would have proved his contentions. He, however, exercised his right not to testify. The court finds that the defendant's contentions are mere speculation and do not show prejudice as a result of any of counsel's alleged errors. Huyck has not shown that the evidence, if any, would have made a difference in the outcome at trial.

Huyck further contends that defense counsel failed to allow him to participate in his own defense and to testify on his own behalf. This contention likewise fails to meet the prejudice prong of the *Strickland* standard. Huyck argues that he was left "in the dark" as to vital pre-trial preparations which would have helped properly guide the investigation. Filing No. 594 in 8:13CR107, at ECF p. 24. He also states that he voiced numerous concerns about the defense strategies employed by his counsel; however, the defendant does not show what evidence would have come to light or how this evidence would help his case. Further, defendant does not establish that the result of trial would have been different had he been included in the "vital pre-trial preparation[s]." *Id.* at 24.

Defendant argues that his testimony at trial was critical to his defense in order to cast doubt on the prosecution's narrative. *Id.* at 29. He concedes that he, "had the choice to still testify," but states that he had, "no practical choice in the matter." *Id.* at 31. The defendant's acknowledgement that he was offered the opportunity to testify, but chose not to take the opportunity, is fatal to his claim. He does not allege that his decision was not knowingly or voluntary or that he was subject to under influence. He has not shown that his testimony would have changed the outcome of the trial.

Defendant next asserts that counsel failed to advise him of his right to a continuance of trial on the charges in the second case, 8:15CR44. He claims that a continuance on the Indictment would have allowed defense counsel the opportunity to prepare adequately for trial. Huyck insists that he repeatedly demanded that his attorney request a continuance to

5

allow for the preparation. However, the record shows that at arraignment for the 8:15CR44 case, Magistrate Judge Thalken granted the government's motion to consolidate the two cases. Neither defense counsel, nor the defendant, raised an objection to the motion. Magistrate Judge Thalken continued to explain that the defendant would normally have 30 days to prepare for trial or he could waive the 30-day period. Filing No. 82 in 8:15CR44, at ECF p. 4. He inquired whether the defendant was waiving the 30-day preparation time and Huyck's counsel responded affirmatively. *Id.* Huyck remained silent and did not contradict his attorney at the time. Additionally, the court finds that a 30-day continuance would not have changed the outcome in the case, as the evidence was overwhelming, and defendant has not shown that an additional 30 days to prepare would have altered the outcome of the trial. The initial case has been pending since 2013. The second case involved charges substantively similar to the first. Therefore, counsel's waiver did not prejudice the defendant.

Defendant finally claims that his due process rights were violated by a compilation of defense counsel's unconstitutional errors. This assertion is moot because the court finds that defendant has not shown a violation of his sixth amendment right to counsel. The court holds that the defendant's arguments are without merit and should be dismissed.

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

The court finds the defendant's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue. Should the defendant wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. See *Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997). Accordingly,

IT IS ORDERED THAT:

1. The defendant's § 2255 motion, Filing No. 594 in 8:13CR107 and Filing No. 93 in 8:15CR44, is dismissed;

2. No certificate of appealability will issue;

3. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 7th day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge